# EXHIBIT 1

FILED
02-25-2021
Clerk of Circuit Court
Green County Wisconsin
2021CV000038
Honorable James R. Beer
Branch 1

STATE OF WISCONSIN    CIRCUIT COURT    GREEN COUNTY

**LYNN M. LOWE**
12998 N. Zimmerman Rd.
Orangeville, IL 61060,

    Plaintiff,

and

**MOLINA HEALTHCARE, INC.**
200 Oceangate, Ste. 100
Long Beach, CA 90802,

    Subrogated Plaintiff,

vs.    Case Code: 30107

**WALMART CLAIMS SERVICES, INC.**
P.O. Box 1288
Bentonville, AR 72712-1288,

and

**WALMART, INC./**
**MONROE WALMART SUPERCENTER, STORE NO. 802**
300 Sixth Ave. W
Monroe, WI 53566,

    Defendants.

---

## SUMMONS

---

**THE STATE OF WISCONSIN**

    To the persons named above as Defendants:

    You are hereby notified that the Plaintiff named above has filed a Complaint against you, which is attached, stating the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802, Wis. Stats., to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to this Court, whose address is:

Page 1 of 2

Clerk of Circuit Court
Green County Justice Center
2841 Sixth St.
Monroe, WI 53566

and to Gregory E. Knoke, the Plaintiff's attorney, whose address is:

Knoke & Kind Law Office
1904 10th St.
P.O. Box 620
Monroe, WI 53566

You may have an attorney help or represent you.

If you do not provide a proper response within forty-five (45) days, the Court may grant a judgment against you for the award of money or other legal action requested in the Complaint, or you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgement may be enforced as provided by law. A judgement awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment of wages or seizure of property.

Dated: February 25, 2021.

**Knoke & Kind Law Office**
Attorney for Plaintiff Lynn M. Lowe

Gregory E. Knoke
State Bar No. 01013426
1904 10th St., P.O. Box 620
Monroe, WI 53566
Phone: (608) 325-7137

Case 2021CV000038 Document 4 Filed 02-25-2021
Case: 3:21-cv-00214-wmc Document #: 1-1 Filed: 03/31/21 Page 3 of 7

FILED
02-25-2021
Clerk of Circuit Court
Green County Wisconsin
2021CV000038
Honorable James R. Beer
Branch 1

STATE OF WISCONSIN     CIRCUIT COURT     GREEN COUNTY

**LYNN M. LOWE**
12998 N. Zimmerman Rd.
Orangeville, IL 61060,

        Plaintiff,

and

**MOLINA HEALTHCARE, INC.**
200 Oceangate, Ste. 100
Long Beach, CA 90802,

        Subrogated Plaintiff,

vs.                                   Case Code: 30107

**WALMART CLAIMS SERVICES, INC.**
P.O. Box 1288
Bentonville, AR 72712-1288,

and

**WALMART, INC./**
**MONROE WALMART SUPERCENTER, STORE NO. 802**
300 Sixth Ave. W
Monroe, WI 53566,

        Defendants.

---

## COMPLAINT

---

     The above-named Plaintiff, Lynn M. Lowe, by her attorney, Gregory E. Knoke of Knoke & Kind Law Office, hereby states the following Complaint in this matter:

     1.      Lynn M. Lowe (hereinafter "Lynn") is an adult individual residing at 12998 N. Zimmerman Rd., Orangeville, IL 61060.

     2.      Subrogated Plaintiff, Molina Healthcare, Inc. (hereinafter "Molina") is a health insurance agency administering health insurance benefits to members of the general public in the State of Illinois. Molina's principal office address is 200 Oceangate, Ste. 100, Long Beach, CA 90802. Its registered agent for service of process in the State of Wisconsin is Corporation Service Company, 8040 Excelsior Dr., Ste. 400, Madison, WI 53717.

Page 1 of 5

3. Defendant Walmart, Inc. (hereinafter "Walmart") is a company engaged in the retail sales of multiple lines of consumer products throughout the world. One of its locations in Wisconsin is known as the Monroe Walmart Supercenter Store No. 802, at 300 Sixth Ave. W, Monroe, WI 53566 (hereinafter "The Store"). Walmart's principal office is located at 702 SW Eighth St., #0555, Bentonville, AR 72716-0555. Walmart's registered agent for service of process in the State of Wisconsin is CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, WI 53703.

4. Defendant Walmart Claims Services, Inc. (hereinafter "Claims Services"), on information and belief, is the claims handler for Walmart and for any insurance carrier for Walmart regarding customer incidents. Claims Services' principal office is located at 702 SW Eighth St., Bentonville, AR 72716. Claims Services' registered agent for service of process in the State of Wisconsin is CT Corporation System, 301 S. Bedford St., Ste. 1, Madison, WI 53703.

5. On June 16, 2018, Lynn was entering The Store. Lynn was in the area of the hand sanitizer/cart area when she slipped and fell on an accumulation of liquid on The Store's floor. On information and belief, the liquid on said floor had been in place for a substantial period of time, which would have allowed Walmart to detect the problems thereof, as, on information and belief, Walmart has in place certain protocols for inspection of the entrance of the floor area – called "sweeps".

6. As a result of Lynn's fall caused by the liquid substance on the floor to the entry of The Store, Lynn lost her balance and fell to the floor.

7. Almost immediately, Lynn began to experience significant pain and discomfort when her right side and head struck the floor. As the result of Lynn's fall, she sustained new injuries to her head, hip, upper back, knee, and neck, and she significantly aggravated pre-existing health conditions of her lower back, hip, and other parts of her torso well beyond the normal progression of those conditions.

8. The maintenance of the entry area to The Store and the failure to place signs warning the public of the wet conditions, or, in the alternative, to timely inspect the area of Lynn's fall and correct a dangerous condition constituted a breach of Walmart's duty to the general public to maintain a safe place for customers in the following respects:

a. Failing to timely inspect the area of Lynn's fall to remove the liquid substance which caused Lynn's fall and injuries; and

b. Failing to display warning signs of an appropriate height and condition to warn the public of the unsafe condition of The Store's entryway, to ensure The Store's entryway complied with standard practices for safe walking surfaces within the retail industry.

## FIRST CAUSE OF ACTION
### Breach of Duty to Provide a Safe Place

9. Lynn restates as fully set forth herein the allegations contained in paragraph 1-8.

10. Walmart is a public building and/or place of employment as the terms are defined in Chapter 101 of Wisconsin Statutes.

11. Walmart had a duty to keep The Store and property safe for patrons, guests and/or frequenters, one of whom was Lynn, and use such methods and procedures necessary to render the premises safe and do everything reasonably necessary to protect the health, safety and welfare of the patrons, employers, guests and/or frequenters of The Store in question pursuant to Chapter 101 of Wisconsin Statutes.

12. Walmart, its employees, servants and agents, were negligent and careless and violated Chapter 101 of the Wisconsin Statutes by failing to maintain The Store's entryway in a reasonably safe condition, causing Lynn to sustain injuries and damages.

13. Walmart acted in a manner which intentionally disregarded Walmart's duties to Lynn and other frequenters of The Store by failing to furnish a safe shopping environment in accordance with applicable codes, ordinances and law, all of which, on information and belief were known to Walmart based on years of experience in the retail business.

14. As a result of the foregoing negligence, carelessness and violation of the Safe Place Statute by Walmart, Lynn sustained serious injuries and damages. Lynn was required to seek medical attention and incurred and will continue to incur expenses for medical care past and future.

## SECOND CAUSE OF ACTION
### Negligent hiring, training or supervision

15. Lynn restates as fully set forth herein the allegations contained in paragraph 1-14.

16. Walmart owed a duty of care to Lynn.

17. Walmart's employees or supervisors were negligent in failing to take timely steps to make the entryway area of The Store safe for its customers, and, in the event Walmart was unable to timely inspect the floor for liquid substances, make the entryway safe for pedestrian traffic by properly posting signs warning the public of the dangerous condition of The Store's walking surface.

18. Walmart's failure to properly hire, train or supervise its employees resulted in the failure to remedy the dangerous condition.

19. Walmart's failure to properly hire, train or supervise its employees constituted a breach of its duty to Lynn.

20. Walmart knew or had reason to know that its conduct created an unreasonable risk of harm and a strong possibility, although not of substantial certainty, that harm would result in their failure to properly hire, train and supervise its employees.

21. Walmart's employees' failure to properly warn the public of and to remedy the unsafe walking surface of the entryway area of The Store caused Lynn's injuries and damages.

22. Walmart's failure to properly hire, train and supervise its employees was an intentional disregard of Lynn's rights.

23. As a result of the negligence outlined in this cause of action, Lynn has sustained damages as hereinbefore set forth.

### THIRD CAUSE OF ACTION
### Ordinary Negligence

24. Lynn restates as fully set forth herein the allegations contained in paragraph 1-23.

25. Walmart had an obligation of due care to ensure the entryway of The Store did not create an unreasonably dangerous risk to others.

26. Walmart was negligent and breached its duty of care by failing to timely inspect the condition of the entryway area to The Store, to ensure safe pedestrian travel, which failure caused Lynn's injuries.

27. On information and belief, Walmart was either aware of or had sufficient time to discover the condition of the entryway area to The Store and took no action to correct the condition of the entryway area to The Store, which would have prevented Lynn's injuries.

28. Walmart's failure to properly maintain the walking surface of the entryway area of The Store was a direct and proximate cause of Lynn's aforesaid injuries and damages.

29. Walmart's failure to act to correct the slippery condition of the entryway area of The Store or to properly warn the public of the hazardous condition of the entryway floor was an intentional disregard of the rights and safety of Lynn and other frequenters of the Store by failing to correct a substantial safety problem in the entryway area of The Store.

30. As a result of the foregoing negligence, carelessness, and violation of the Safe Place Statute by Walmart, Lynn sustained injuries and damages and was required to seek medical attention and incurred medical expenses for her injuries. Lynn will be required to seek medical care in the future for these injuries.

WHEREFORE, based upon the foregoing Complaint, Lynn seeks the following relief:

a. That Lynn recover from Walmart and Claims Services her medical expenses to date and in the future and any other damages, including, but not limited to, pain and suffering and loss of enjoyment of life;

b. That Lynn recover from Walmart and Claims Services any future damages for pain and suffering and loss of enjoyment of life as a result of this incident;

c. That Lynn recover punitive damages against Walmart and Claims Services for conduct amounting to an intentional disregard of her rights; and

d. For such other and further relief as the Court deems appropriate, including, but not limited to, allowable attorney's fees and costs.

**PLAINTIFF HEREBY REQUESTS A 12 PERSON JURY TRIAL.**

Dated: February 25, 2021.

**KNOKE & KIND LAW OFFICE**
Attorney for Lynn M. Lowe

Gregory E. Knoke
State Bar No. 01013426
1904 10th St.
Monroe, WI 53566
Phone: (608) 325-7137