**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

LYNN M. LOWE,

    Plaintiff,

and

MOLINA HEALTHCARE, INC.,              Case No.: 21-cv-214

    Subrogated Plaintiff,

vs.

WALMART CLAIMS SERVICES, INC.,
and
WALMART, INC./MONROE WALMART
SUPERCENTER, STORE NO. 802,

    Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Walmart Claims Services, Inc. and Walmart, Inc. ("Defendants"), by and through their attorneys, MWH Law Group LLP, for their Answer to Plaintiff Lynn M. Lowe's ("Plaintiff") Complaint ("Complaint"), hereby state as follows:

    1.    Defendants admit that, on information and belief, Plaintiff is an adult residing at 12998 N. Zimmerman Rd., Orangeville, Illinois 61060.

    2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore deny same, and demand strict proof thereof.

    3.    In answering Paragraph 4, Defendants admit Walmart is a foreign corporation with its principal offices and registered agent for service of process as alleged.

4. In answering Paragraph 4 of Plaintiff's Complaint, Defendants admit Walmart Claims Services, Inc. handles certain claims regarding customer incidents alleged to have occurred at a Walmart store, and is a foreign corporation with its principal offices and registered agent for service of process as alleged.

5. In answering Paragraph 5 of Plaintiff's Complaint, Defendants admit that on June 16, 2018, Plaintiff was present in the Walmart Supercenter store located at 300 Sixth Avenue W, Monroe, Wisconsin. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and therefore deny same, and demand strict proof thereof. Further answering, Defendants deny that they were negligent in any manner and deny that any alleged negligence by Defendants or their employees agents and/or servants was a proximate cause of any of Plaintiff's injuries.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore deny same, and demand strict proof thereof. Further answering, Defendants deny that they were negligent in any manner and deny that any alleged negligence by Defendants or their employees agents and/or servants was a proximate cause of Plaintiff's fall.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore deny same, and demand strict proof thereof. Further answering, Defendants deny that they were negligent in any manner and deny that any alleged negligence by Defendants or their employees agents and/or servants was a proximate cause of Plaintiff's injuries.

8. Defendants aver that the allegations contained in Paragraph 8 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations

and demand strict proof thereof. To the extent Paragraph 8 contains assertions of fact, these answering Defendants deny all allegations contained in Paragraph 8, including a denial of subparagraphs (a) through (b).

## FIRST CAUSE OF ACTION
### Breach of Duty to Provide a Safe Place

9. Defendants restate and set forth their answers to Paragraphs 1 through 8 as if fully set forth herein.

10. Defendants aver that the allegations contained in Paragraph 10 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof.

11. Defendants admit only those duties imposed by law and admit the existence of Chapter 101 of Wisconsin Statutes. Defendants deny that they or their employees, agents and/or servants committed acts or omissions that would contravene the provisions of Chapter 101 of Wisconsin Statutes, including in particular the Safe Place Act of Wisconsin. Further answering, Defendants deny applicability of the Safe Place Act of Wisconsin and deny all allegations not specifically admitted.

12. Defendants aver that the allegations contained in Paragraph 12 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 12 contains assertions of fact, these answering Defendants deny all allegations.

13. Defendants aver that the allegations contained in Paragraph 13 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 13 contains assertions of fact, these answering Defendants deny all allegations.

14. Defendants aver that the allegations contained in Paragraph 14 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 14 contains assertions of fact, these answering Defendants deny all allegations. Further answering said paragraph, these answering Defendants deny that they or their employees, agents and/or servants committed acts or omissions that would contravene the Safe Place Act of Wisconsin and deny that any alleged negligence on their part or the part of any of their employees, agents and/or servants was the proximate cause of any of the Plaintiff's injuries.

## SECOND CAUSE OF ACTION
### Negligent hiring, training or supervision

15. Defendants restate and set forth their answers to Paragraphs 1-14 as if though fully set forth herein.

16. Defendants aver that the allegations contained in Paragraph 16 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof.

17. Defendants aver that the allegations contained in Paragraph 17 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 17 contains assertions of fact, these answering Defendants deny all allegations.

18. Defendants deny the allegations contained Paragraph 18.

19. Defendants aver that the allegations contained in Paragraph 19 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 19 contains assertions of fact, these answering Defendants deny all allegations.

20. Defendants aver that the allegations contained in Paragraph 20 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 20 contains assertions of fact, these answering Defendants deny all allegations.

21. Defendants deny the allegations contained Paragraph 21. Further answering said paragraph, these answering Defendants specifically deny that it or its employees, agents and/or servants committed acts or omissions which would be a proximate cause of any of the Plaintiff's injuries.

22. Defendants deny the allegations contained Paragraph 22.

23. Defendants deny the allegations contained Paragraph 23. Further answering said paragraph, these answering Defendants specifically deny that it or its employees, agents and/or servants committed acts or omissions which would be a proximate cause of any of the Plaintiff's damages.

**THIRD CAUSE OF ACTION**
**Ordinary Negligence**

24. Defendants restate and set forth their answers to Paragraphs 1-23 as if though fully set forth herein.

25. Defendants aver that the allegations contained in Paragraph 25 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 25 contains assertions of fact, these answering Defendants deny all allegations.

26. Defendants aver that the allegations contained in Paragraph 26 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations

and demand strict proof thereof. To the extent Paragraph 26 contains assertions of fact, these answering Defendants deny all allegations.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained Paragraph 28. Further answering said paragraph, these answering Defendants specifically deny that they or their employees, agents and/or servants committed acts or omissions which would be a proximate cause of any of the Plaintiff's injuries.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants aver that the allegations contained in Paragraph 30 call for a legal conclusion for which no answer is required, and on such basis, Defendants deny the allegations and demand strict proof thereof. To the extent Paragraph 30 contains assertions of fact, these answering Defendants deny all allegations.

**WHEREFORE,** Walmart Claims Services, Inc. and Walmart, Inc. respectfully request that this Court dismiss Plaintiff's claims against Defendants in its entirety, assess the costs of this matter to Plaintiff and for such other and further relief as the Court deems just and equitable in the premises.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Any allegations contained in Plaintiff's Complaint not specifically admitted are hereby denied.

3. Plaintiff's action is barred because the condition complained of by Plaintiff was not in existence for a sufficient amount of time to place these answering Defendants on notice of the existence of the condition and opportunity to remedy.

4. Plaintiff's action is barred because she has not suffered any injury proximately caused by any act or omission attributable to these answering Defendants.

5. No act or omission on the part of Defendants caused or contributed to the alleged damages complained of in Plaintiff's Complaint.

6. Lynn M. Lowe was at fault and her fault was the sole proximate cause or proximate cause of the incident alleged in Plaintiff's Complaint, and resulting damages, if any, and such fault should bar or reduce the amount of Plaintiff's recovery against the answering Defendants.

7. Plaintiff's action is barred because Plaintiff unreasonably failed to take action to avoid damages, if any.

8. Plaintiff's action is barred because Plaintiff unreasonably assumed the risk by knowing the risk was present, understood the nature of the risk, and nevertheless unreasonably, freely and voluntarily took the risk and therefore, Plaintiff's assumption of the risk was the proximate cause of her damages.

9. Plaintiff's damages are the direct result of Plaintiff's failure to exercise ordinary care in failing to keep a proper lookout which was the cause of Plaintiff's fall.

10. Plaintiff's damages are the direct result of Plaintiff's failure to exercise ordinary care in failing to take action to avoid injuries, as Plaintiff had an alternate, safe route that she chose not to take.

11. Plaintiff's alleged damages, if any, were the result of an unforeseeable series of events over which answering Defendants had no control.

12. Plaintiff's alleged injuries, if any, may have been caused by preexisting conditions or to her to her accident for which these answering Defendants bear no legal responsibility.

13. Plaintiff may have failed to mitigate her damages, if any.

14. Plaintiff is not entitled to the relief of damages requested.

15. Plaintiff is not entitled to prejudgment interest, costs, or attorney's fees.

16. Walmart Claims Services, Inc. is not a properly named Defendant in the litigation.

17. Walmart reserves the right to assert additional affirmative defenses that become known during discovery and/or trial.

## JURY DEMAND

**NOW COME** Defendants Walmart Claims Services, Inc. and Walmart, Inc., and hereby request a trial by jury on all issues in the above-captioned matter.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2021.

**MWH LAW GROUP, LLP**
Attorneys for Defendants Walmart Claims Services, Inc. and Walmart, Inc.

By: /s/ *Electronically signed by Vincent Vigil*
Vincent Vigil          SBN 1120981
Eric L. Andrews       SBN 1068550
735 N. Water Street, Suite 610
Milwaukee, WI 53202
(414) 436-0353 Phone
(414) 436-0354 Facsimile
*vincent.vigil@mwhlawgroup.com*
*eric.andrews@mwhlawgroup.com*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 6, 2021, a copy of this document was served upon all parties in the above cause by the **electronic document management/electronic filing system ("ECF")**, which will send notification of such filing to all attorneys of record, upon the following:

**Attorney for Plaintiff, Lynn Lowe**
Gregory E. Knoke   State Bar No. 01013426
Knoke & Kind Law Office
1904 10th Street
Monroe, WI  5356
Telephone: (608) 325-7137

**Molina Healthcare, Inc.**
11002 W. Park Place
Milwaukee, WI 53224

*/s/ Brooke E. Klingbeil*